CASE NO. 24-1766

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

DEREK CHAPMAN,

v.          Plaintiff-Appellant,

MARYLAND DEPARTMENT OF STATE POLICE,

Office of the State Fire Marshall,

Defendant-Appellee.

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT BALTIMORE

_____ REPLY to APPELLEE BRIEF _____

DIONNA MARIA LEWIS, ESQ.
DISTRICT LEGAL
GROUP, PLLC
700 Pennsylvania Ave, SE
Suite 2098
Washington, DC 20003
Tele: (202) 486-3478
dionna@districtgroup.com

Counsel for Appellant –
Derek Chapman

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………...…..2

STATEMENT OF FACTS ……………………………………….......5

SUMMARY OF ARGUMENT ……………………………..…………7

STANDARD OF REVIEW…………………………………….………8

REPLY TO APPELLEE BRIEF……………………………..………8

    I.   **Appellant's Reply reaffirms that Appellant has established a prima facie case of race discrimination under applicable legal standards, including Mc. Donnell Douglas Corp v. Green, 411 U.S. 792 (1973)……………………………………………**
9

        A. Appellant, through evidence, established a satisfactory job performance at the time of Appellant's suspension considering the backlog issues were common and not exclusively tied to Appellant…………………………………..………..11

    II.  **In addition to Appellee conceding two the required elements under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) legal standards, Appellant, through evidence has satisfied the remaining two elements of retaliation claims under Title VII……………………………………………………**1
5

        A. Appellant through evidence, established a causal link between his protected activity and the numerous adverse actions targeted at

Appellant………………………………………………15


CONCLUSION ……………………………………….……18

CERTIFICATE OF SERVICE …………………………….…19

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

Burgess v. Bowen, 466 F. App'x 272 (4th Cir. 2012)……………......….…...16

Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)….16

Cole v. Family Dollar Stores of Md., Inc., 811 Fed. Appx. 168 (4th Cir. 2020)……………………………………………………………………….…...16

Cook v. CSX Transp. Corp., 988 F.2d 507 (4th Cir. 1993)………….…..…12

EEOC v. Sears Roebuck & Co., 243 F.3d 846 (4th Cir. 2001)…….……...13

Haynes v. Waste Connections, Inc., 922 F.3d 219 (4th Cir. 2019)………..18

Haywood v. Locke, 387 F. App'x 355 (4th Cir. 2010)………………....18, 20

Hoyle v. Freightliner, LLC, 650 F.3d 321 (4th Cir. 2011)…….......17, 18

Lettieri v. Equant, Inc., 478 F.3d 640 (4th Cir. 2007)…………….…..…….26

Mc. Donnell Douglas Corp. v. Green, 411 U.S. 792 (1973)…......2, 13, 14, 15

Mitchell v. Toledo Hosp., 964 F.2d 577 (6th Cir. 1992)……....…..………18

Perkins v. Int'l Paper Co., 936 F.3d 196 (4th Cir. 2019)……….….…....14

Reeves v. Sanderson Plumbing Prods., Inc.,530 U.S. 133 (2000)………..15

Rhoads v. F.D.I.C., 257 F.3d 373 (4th Cir. 2001)…………………………....23

Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111 (4th Cir. 2021)………16

Smith v. CSRA, 12 F.4th 396 (4th Cir. 2021)……………………………..25

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)……………………14

Strothers v. City of Laurel, 895 F.3d 317 (4th Cir. 2018)…………….25

Swaso v. Onslow Cty. Bd. of Educ., 698 F. App'x 745 (4th Cir.)………20, 21

Williams v. Cerberonics, Inc., 871 F.2d 452 (4th Cir. 1989)…………...14

**Statutes and Rules**

Federal Rule of Appellate Procedure 28(a)(4)…………………………...1

## STATEMENT OF FACTS

Derek Chapman ("Mr. Chapman" or "Appellant" or "Plaintiff"), a dedicated employee of the Maryland Department of State Police ("MDSP") since 1998, filed a complaint on February 17, 2023, alleging race discrimination, color discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and the Maryland Fair Employment Practices Act (FEPA). JA007. Plaintiff's career at MDSP spans over twenty-five (25) years, during which he achieved exemplary service, particularly with the Office of the State Fire Marshal ("OSFM"). JA009. In June of 2018, Plaintiff was promoted to the position of Deputy Chief State Fire Marshal ("DCFM") and Commander of the Northeast Region (NERO), making him the highest-ranking Black person in the Department at the time. JA271.

In his role, Plaintiff was responsible for overseeing the state's busiest region for OSFM and submitting origin and cause reports to Chief Deputy State Fire Marshal ("CDFM") Gregory Der. Throughout his tenure, Plaintiff consistently received satisfactory evaluations, highlighting his competence and leadership. JA408-411; JA417.

5

However, the situation began to deteriorate when OSFM leaders, particularly after the promotion of Der to CDFM in 2017, began scrutinizing Plaintiff's performance more intensely, particularly with respect to a known backlog of fire origin reports.

Despite Plaintiff's transparent efforts to manage the backlog, including his proposal to increase staffing to help address the issue, the Department's treatment of Plaintiff shifted. JA325-JA328. Race played a role in the heightened scrutiny, particularly as OSFM began penalizing him for the same issues that were commonplace in the Department. Notably, other White regional commanders, including Jason Mowbray and John Nelson, also contained backlogs of reports. JA049; JA415; JA405-406.Despite knowledge of the backlogs that Jason Mowbray and John Nelson had as regional commanders, neither were subjected to the same level of scrutiny or punitive measures as Plaintiff. JA049; JA415; JA405-406.

## SUMMARY OF THE ARGUMENT

There are disputed issues of material fact that still exist, as this reply brief will reflect. The district court ultimately erred in granted summary judgment in favor of Appellee by failing to view the evidence in the light most favorable to Appellant and improperly resolving disputed issues of material fact. The racial discrimination at OSFM has been prevalent since February of 2021, when Plaintiff, as part of Black History Month, sent an email suggesting that OSFM recognize and celebrate Garrett Morgan, a Black inventor. JA359-360; JA374. Comparatively, other similarly situated employees, particularly White male colleagues, were not subject to similar adverse actions. JA049; JA415; JA405-406.

Plaintiff contends that the actions of the Defendant, including racial discrimination, color discrimination, retaliation, and the subsequent adverse employment actions taken against him, were unlawful and violated Title VII. Despite presenting evidence of a pattern of discriminatory and retaliatory behavior, Plaintiff was unjustly subjected to disciplinary actions, a hostile work environment, and unequal treatment compared to similarly situated employees. In its' Reply Brief Plaintiff respectfully reaffirms its request that this Court

reverse the decision granting summary judgment and remand the case for further proceedings.

## STANDARD OF REVIEW

This Court reviews the District Court's grant of summary judgment de novo. *Gentry v. E. W. Partners Club Mgmt. Co., Inc.*, 816 F.3d 228, 233 (4th Cir. 2016). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). In conducting de novo review, this Court considers the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015).

The Court may not weigh the evidence or make credibility determinations. *Mercer v. Arc of Prince Georges Cnty., Inc.*, 532 F. App'x 392, 397 (4th Cir. 2013). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here Appellant, through both his opening brief and this reply brief, has presented sufficient evidence to demonstrate the existence of multiple genuine disputes of material fact, precluding summary judgment. First, Appellant has provided evidence establishing that he met the employer's legitimate expectations and performed his job satisfactorily. Second, he has identified similarly situated comparators who were not subjected to adverse employment actions despite comparable or greater backlogs, supporting an inference of disparate treatment. Furthermore, in addition to setting forth a prima facie case of racial discrimination and retaliation, Appellant has shown—particularly through this Reply Brief—that the employer's proffered legitimate, non-discriminatory reasons for its actions are pretextual, and therefore insufficient to support summary judgment under applicable legal standards.

## REPLY TO APPELLEE BRIEF

**III. Appellant's Reply reaffirms that Appellant has established a prima facie case of race discrimination under applicable legal standards, including Mc. Donnell Douglas Corp v. Green, 411 U.S. 792 (1973).**

Appellee's Brief argues that the facts are undisputed here, that Appellant's brief cannot survive summary judgment. Appellee Stamped

Brief, p. 24. However, the law does not agree with Appellee's absolute words of certainty. Under the McDonnell Douglas burden-shifting framework, the plaintiff in a discrimination or retaliation case must first establish a prima face case. *St. Mary's Honor Ctr. V. Hicks*, 509 U.S. 502,506 (1993); *Williams v. Cerebonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989). To establish a prima face case of racial discrimination under Title VII, Plaintiff needs to demonstrate that: (1) he is a member of a protected class; (2) he performed at a satisfactory level; (3) he suffered an adverse employment action; and (4) he experienced different treatment from that of a similarity situated individual outside his protect class. See *Perkins v. Int'l Paper Co.*, 936 F. 3d 196 (4th Cir. 2019). Once the plaintiff makes this prima facie showing, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse decision. See *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S.S 133, 142 (2000); McDonnell Douglas, 411 US.S. at 802-803.

Appellee admits and has previously conceded to two of the elements of the prima face case: (1) Appellant is (Black/ African American); and (2) suffered an adverse employment action (reassignment / suspension / termination). Appellee contends that Appellant did not meet the

10

remaining two standards": (3) that he performed at a satisfactory level and; (4) that he experienced different treatment from that a similarly situated individual outside of his protected class.

### A. Appellant, through evidence, established a satisfactory job performance at the time of Appellant's suspension considering the backlog issues were common and not exclusively tied to Appellant.

This Court has repeatedly emphasized that comparison between similar employees "will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances." *Cook v. CSX Transp. Corp.*, 988 F.2d 507,511 (4th Cir. 1993). Rather, to establish a valid comparator, the plaintiff must produce evidence that the plaintiff and comparator "dealt with the same supervisor, were subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct of the employer's treatment of them for it." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

In this case, the backlogs did not become an issue until Appellant

began raising concerns about racial discrimination within OSFM. JA321. Prior to Appellant raising concerns and throughout his tenure, Plaintiff consistently received satisfactory evaluations, highlighting his competence and leadership. JA408-411;417. Appellee's Brief falls short to negate Appellant's establishment of disparate treatment between Appellant and similarly situated white counterparts. Appellee's brief discusses conversations where Appellant acknowledges that backlogs exist. Appellee Stamped Brief, pp. 27-28, ("numerous opportunities to reduce his backlog"). However, this is not enough for the Court to infer a lack of satisfaction on the job.

Despite the backlogs, in June of 2018, Defendant still promoted Appellant to Deputy Chief State Fire Marshal (DFM) and Commander of the Northeast Region (NERO), making him the highest-ranking Black person in the Department at the time. JA271. As evidenced by his promotions and evaluations, Appellant was performing more than satisfactorily and was more than qualified for the positions he held. As noted through evidence, the backlog of reports was acknowledged as a statewide issue, not one unique to Appellant. JA 388-389. Appellee's argument falls short, because Appellee fails to acknowledge Appellant's

12

promotional growth despite these backlog issues. Appellee Stamped Brief, p. 27.

Appellant, Mr. Chapman has produced  evidence that numerous white employees with the same supervisor as he, have backlogs. JA049. Specifically, Jason Mowbray and John Nelson, White regional commanders, also had backlogs of reports but were not subjected to the same level of scrutiny or punitive measures. JA049; JA415; JA405-06. Through evidence provided by the appellant, Mr. Chapman has proved that though he is another race, the other non-Black employees held similar positions and were supposed to be held to the same standards but were not. JA415; JA405-06. Furthermore, Appellant, Mr. Chapman, has shown that Jason Mowbray and John Nelson are valid comparators who engaged in similar misconduct and received better treatment. See *Haywood v. Locke*, 387 F. App'x 355, 259 (4th Cir. 2010).

 Appellant alleges facts far more specific than mere speculation. Appellant has provided examples of when he was treated differently than his white counterparts despite engaging in similar conduct now conveniently categorized by Appellee as misconduct though commonplace in the Department. This includes evidence of racial discrimination at

OSFM dating back to February 2021, when Appellant as part of Black History Month, sent an email suggesting that OSFM recognize and celebrate Garrett Morgan, a Black inventor as part of Black History Month and was met with deeply offensive comments about including "black dogs" in the celebration. JA359-360; JA374.

Appellant also adduced evidence of attempts to report racial discrimination at meetings, including pointing to examples of Deputy Chiefs making inappropriate comments about needing a "Black driver," as if to say he preferred to have a Black person to chauffer him around in a subservient manner and derogatory remarks about "lazy Black females." JA348-349; JA414.

Therefore, Appellant has provided viable evidence of disputes of material fact that make summary judgment inappropriate in this case. The Court should not be persuaded by the language used by the Appellee "Undisputed record clearly establishes." Appellee Stamped Brief, pp. 24-25, 27, 30, 39, 42. Appellant has shown that he performed at a satisfactory level evidenced by his promotions and that he experienced different treatment from that of a similarly situated individual outside his protected class in showing that he was disciplined more severely than

14

his white counterparts over statewide issues that were commonplace in the Department.

**IV. In addition to Appellee conceding two the required elements under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) legal standards, Appellant, through evidence has satisfied the remaining two elements of retaliation claims under Title VII.**

Appellee has conceded two elements before this brief: (1) Appellant engaged in protected activity by expressing concerns about discriminatory actions) and (2): suffered an adverse employment action (reassignment/ suspension / termination). Appellant has properly addressed these elements under the proper applicable standards by showing the following:

A. Appellant through evidence, established a causal link between his protected activity and the numerous adverse actions targeted at Appellant.

Causation may be inferred when the adverse action follows close in time to the protected activity. See *Robert v. Glenn Indus. Grp., Inc.*, 998, F.3d 111, 126 (4th Cir. 2021). Employer actions are sufficiently "adverse" if they would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68(2006); *Cole v. Family Dollar Stores of Md.*,

15

Inc., 811 Fed. Appx. 168 (4th Cir. 2020) ("the employer's knowledge coupled with an adverse action taken at the first opportunity satisfies the causal connection element of the prima facie case."). Showing a causal relationship at the prima facie state, however, is "not an onerous burden." *Strothers v. City of Laurel*, 895 F.3d 317, 335 (4th Cir. 2018); *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021). Establishment of a prima facie case of retaliation only requires "very little evidence of causal connection." *Roberts*, 998 F.3d at 127 (4th Cir. 2021) (citing *Burgess v. Bowen*, 466 F. App'x 272, 283 (4th Cir. 2012)).

Appellee argues that all adverse actions taken against Appellant were due to his failure to complete reports, not due to retaliation for engaging in protected activity. Appellee Stamped Brief, p. 36. Appellant's opening brief focused on showing this Court that there is sufficient evidence in the record to prove a causal relationship between Appellant's complaints and his mistreatment and subsequent transfer. Appellant–in its reply– reaffirms his previous legal arguments below using case law from this Court.

In *Lettieri v. Equant Inc.*, this Court held that evidence of numerous instances of abuse from a plaintiff's direct supervisor that coincided with

her loss of responsibilities and ultimately her loss of employment overcame a seven-month gap between her last discrimination report and her termination, 478 F.3d 640, 643-46 (4th Cir. 2007). Here, like in Lettieri, Appellant has produced evidence of much more than a handful of instances of abuse from his direct supervisors that coincide with his transfers. In March of 2021, Appellant formally engaged in protected activity by raising concerns about race relations within the Department. JA414. By June of 2021, Appellant had been stripped of his supervisory duties and transferred to headquarters. JA415.

By August of 2021, Appellant had received a written reprimand and by October of 2021, Appellant had been administratively suspended. JA416. From March to October of 2021, for at or around six (6) months, Appellant not only dealt with these adverse actions but numerous instances of abuse and mistreatment. JA346-350. Included in this treatment were Appellant's concerns being shared with the same deputies making the derogatory comments and subsequent assignment to those deputies despite their marked history of discriminatory behavior. JA346-350. During this time, Department leaders repeatedly undermined and embarrassed Appellant publicly and privately by

17

usurping Appellant's interactions with subordinates and showing up to Appellant's home following his suspension. JA355-356. Even after Appellant had returned from suspension, Appellant was subject to mistreatment after receiving an unsatisfactory performance evaluation while on Family and Medical Leave Act leave in February 2023. *Id.*

Similar to Lettieri, Appellant has overcome month(s) long gap in time between his last complaint and his transfer by showing there were numerous and continuous instances of mistreatment that establish a sufficient connection between Appellant's complaints and his transfer. Appellant has sufficiently met the burden. Strothers, 895 F.3d at 335. This burden was not meant to be onerous. *Id.* Therefore, Appellant has presented evidence of a prima facie case of retaliation and Appellee was not entitled to judgment as a matter of law.

## CONCLUSION

The district court ultimately erred in granting summary judgment in favor of Appellee. Appellant through his opening brief, and now reply brief, has provided this Court enough evidence to. to show there are several facts in genuine dispute of material facts in this case. First, the Appellant correctly demonstrated satisfactory job performance. Next,

there were similarly situated comparators that did not receive adverse actions due to backlogs. In addition to proving his case for racial discrimination and retaliation, Appellant–through his Reply Brief–has proven under the law, that the legitimate non-discriminatory actions by Defendant were in fact pretextual.

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,589 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14pt. and Century.

<div style="margin-left:40%;">

Respectfully Submitted,
*/s/ Dionna Maria Lewis*
Dionna Maria Lewis, Esq.
District Legal Group, PLLC
700 Pennsylvania Ave SE,
Suite 2098
Washington, DC 20003
Mob. (202) 486-3478
Fax (202) 618-6187
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff-Appellant*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, a true copy of the foregoing was electronically filed and served on all *Counsel for the Defendant-Appellee* via CM/ECF.

<u>*/s/ Dionna Maria Lewis*</u>
*Counsel for Plaintiff-Appellant*